OPINION
The plaintiff-appellant, Steven Carlisle, appeals from a judgment of the Paulding County Court of Common Pleas, Juvenile Division, granting custody of Steven Allen Carlisle ("Stevie") to his biological father, the defendant-appellee, Mark Reid. For the following reasons, we affirm the judgment of the trial court.
The storied facts and procedural history of the case are as follows. Steven Carlisle and the defendant-appellee, Janice Carlisle (n.k.a. Janice Seibert), were married on March 21, 1981.[1] On August 8, 1988, Steven and Janice were divorced. At the time of the divorce, the couple had no children. Following the divorce, the couple lived separate and apart but continued to have a sexual relationship. During that time, Janice also had engaged in a sexual relationship with Mark Reid. On February 18, 1990, Janice gave birth to a son, Stevie. Stevie's birth certificate identified Steven as the natural father.
Following Stevie's birth, Janice and Steven began living together. In the Spring of 1995, Janice and Steven terminated their relationship. At that time, Janice assumed custody of Stevie, and she and Stevie moved out of Steven's home. Sometime shortly thereafter, Janice suffered a nervous breakdown and was hospitalized. During Janice's hospitalization, Steven, upon his own volition, assumed custody of Stevie.
Sometime in early 1997, Janice allegedly informed Mark Reid of the possibility that he was Stevie's biological father. On September 12, 1997, Steven filed a complaint in the Paulding County Court of Common Pleas, Juvenile Division, seeking temporary and permanent custody of Stevie. On that date, the trial court granted Steven's request for temporary custody.
Having been informed of the possibility that Steven was not Stevie's biological father, the trial court ordered the parties to undergo genetic tests so as to establish paternity. In November 1997, a genetic test was performed on Steven and Mark Reid, the results of which excluded Steven as the natural father and indicated a 99.65 percent probability of Reid's paternity.
On December 23, 1997, Mark Reid was joined as a party to the proceedings and was granted leave of court to file a cross-complaint, as well as other motions or actions relating to the custody of Stevie. On January 7, 1998, Mark Reid filed his answer and cross-complaint. In his cross-complaint, Reid requested that the trial court designate him the residential parent and legal custodian of Stevie.
On January 28, 1998, Steven filed an amended complaint. In his amended complaint, Steven requested that the trial court designate him the residential parent and for an order establishing paternity of Stevie. On February 13, 1998, Mark Reid filed his answer and amended cross-complaint.
By judgment entry of October 19, 1998, the trial court found that Mark Reid was the biological father of Stevie. On November 30, 1998, the trial court issued an opinion in which it reaffirmed its earlier order granting Steven temporary custody of Stevie, subject to visitation rights held by Janice Seibert and Mark Reid. By final judgment entry of December 10, 1999, the trial court awarded custody of Stevie to Mark Reid.
It is from this decision and judgment that the appellant now appeals, setting forth seven assignments of error for our review. For purposes of clarity and brevity, we will address Steven's fifth assignment of error first.
 Assignment of Error No. V
The trial court erred by misapplying the standard for determining custody by focusing on the paramount rights of natural parent standard and failed to support the use of the best interests of the child standard with findings. [sic]
In his fifth assignment of error, Steven challenges the trial court's award of custody of Stevie to Mark Reid. Specifically, Steven argues that the trial court erred in failing to apply the "best interest" standard in deciding the custody issue herein. For the following reasons, we do not agree.
Initially, we note that in domestic relations matters, a reviewing court must apply the abuse of discretion standard. A trial court must have discretion to do what is equitable upon the facts and circumstances of each case. Therefore, its decision in a domestic relations matter should not be disturbed on appeal unless the decision involves more than an error of judgment. SeeBooth v. Booth (1989), 44 Ohio St.3d 142, 144; Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 355. Absent an abuse of discretion in the trial court's decision, a reviewing court may not disturb that decision. Martin v. Martin (1985), 18 Ohio St.3d 292.
An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Thus, this Court cannot merely substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161. Our only inquiry is whether the trial court abused its discretion in granting custody of Stevie to his biological father, Mark Reid. For the following reasons, we find no such abuse of discretion.
The case herein is a child custody dispute initiated in juvenile court pursuant to R.C. 2151.23(A)(2).[2] It is well-settled that in such a proceeding, the welfare of the minor is the first to be considered. Reynolds v. Goll (1996), 75 Ohio St.3d 121
. Nevertheless, while the welfare of the child is the primary consideration, it is axiomatic that suitable parents have a paramount right to custody. Id.; In re Murray (1990), 52 Ohio St.3d 155,157. Therefore, although the best interest of the child is the primary standard applied in custody cases, in original custody disputes between a parent and a non parent, the general rule in Ohio is that parents who are suitable have a paramount right to custody of their minor children. Reynolds,75 Ohio St.3d at 121; In re Perales (1977), 52 Ohio St.2d 89, 97. Nonetheless, in balancing the interests of both the parent and child, the right of custody by the biological parents is not absolute and can be forfeited. Reynolds, 75 Ohio St.3d at 121.
A natural parent may be denied custody of the child if the trial court finds by a preponderance of the evidence that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child. Id; In re Perales, 52 Ohio St.2d at 123; Masitto v.Masitto (1986), 22 Ohio St.3d 63, 65; In re Dunn (1992), 79 Ohio App.3d 268,271.
This Court has consistently recognized a distinction between the Perales test and the "best interest of the child" test enunciated in R.C. 3109.04.[3] The distinction is as follows:
 A pure best interest test looks to the best custodial situation available for the child and then places the child there. Under Perales, parental custody is presumed to be In [sic] the best interests [sic] of the child unless it can be shown that placement with a parent will be detrimental to the child.
In the Matter of Holycross (Feb. 24, 1999), Seneca App. No. 13-98-60, unreported, quoting In Re Porter (1996), 113 Ohio App.3d 580,589.
 In the case herein, the trial court found that Mark Reid, not Steven, was Stevie's biological father. Therefore, as between Steven and Mark Reid, Reid has a paramount right to custody unless the trial court could find by a preponderance that he was an unsuitable parent.
A review of the trial court's judgment entry of December 10, 1999, reveals that, in the court's opinion, Reid was not an unsuitable parent and that he had not, in any manner, forfeited his right to pursue custody of Stevie. It is well-settled that a trial court's determination whether a parent has forfeited his or her paramount right to custody is a factual determination that will not be reversed by a reviewing court if it is supported by some competent, credible evidence. See Reynolds,75 Ohio St.3d at 124; Masitto, 22 Ohio St.3d at 66; In the Matter of Holycross,supra; Houser v. Houser (Aug. 31, 1998), Mercer App. No. 10-98-07, unreported.
Having conducted a thorough review of the record in this case, we cannot say that the trial court abused its discretion in finding that Mark Reid was not an unsuitable parent. There is no evidence to support the assertion that Mark Reid abandoned or contractually relinquished custody of Stevie, or that he is incapable of supporting or caring for him.
Furthermore, despite the finding of the guardian ad litem that an award of custody in Mark Reid's favor would be detrimental to Stevie, there is competent, credible evidence to support the trial court's findings that the placement of Stevie with his biological father would be beneficial. In particular, there is adequate evidence in the record that Mark Reid, his wife, and the couple's children live in a stable and caring family environment. The record also indicates that the family has established a close familial relationship with Stevie. Moreover, the evidence suggests that Stevie and Mark Reid's stepson spend much of their time together and have established a strong emotional bond. For the foregoing reasons, we cannot say that the trial court abused its discretion in finding Mark Reid a suitable parent with a paramount right to custody of his minor child.
Accordingly, the appellant's fifth assignment of error is not well-taken and is overruled.
 Assignment of Error No. I
The trial court erred to the prejudice of the appellant when it awarded legal custody to appellee by not applying the doctrine of laches when appellant was materially prejudiced by the lapse of time.
In his first assignment of error, Steven maintains that Mark Reid's claim for custody of Stevie should be barred based upon the equitable doctrine of laches. Specifically, Steven claims that Reid is estopped from pursuing custody of Stevie on the basis that he has failed to expeditiously assert such right. For the following reasons, we do not agree.
Laches is an equitable defense available to a person aggrieved by a party's delay in asserting rights. Miller v. Ritchie (1989),45 Ohio St.3d 222, 226. To successfully invoke the doctrine of laches, one must establish an unreasonable delay in asserting a right and that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim. Connin v. Bailey (1984), 15 Ohio St.3d 34,35-36. A laches determination is left to the discretion of the trial court and will not be reversed absent a finding that the court's attitude was unreasonable, arbitrary, or unconscionable.Bitonte v. Tiffin Savings Bank (1989), 65 Ohio App.3d 734, 739.
In the case herein, despite the appellant's arguments to the contrary, we find that the defense of laches was not raised as an affirmative defense in the trial court as required by Civ.R. 12. Therefore, this Court will not review the applicability of laches as a defense as it is not properly before this Court. Furthermore, we cannot say that the case herein is one of those rare circumstances that we choose to address as plain error.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
 Assignment of Error No. II
The trial court erred to the prejudice of the appellant when it awarded legal custody to appellee by failing to apply the doctrine of equitable estoppel.
In his second assignment of error, Steven maintains that Mark Reid's claim for custody of Stevie should be barred based upon the doctrine of equitable estoppel. For the following reasons, we do not agree.
In order to assert the defense of equitable estoppel, a party must comport with the maxim that "he who seeks equity must do equity and that he must come into court with clean hands." SeeChristman v. Christman (1960), 171 Ohio St. 152, 154; McPhersonv. McPherson (1950), 153 Ohio St. 82, 91; Tilley v. Tilley (Apr. 1, 1996), Licking App. No. 95 CA 63. Under this maxim, equitable relief is not available to a person who has "violated conscience or good faith" or is guilty of reprehensible conduct. Marinaro v.Major Indoor Soccer League (1991), 81 Ohio App.3d 42, 45;Kettering v. Berger (1982), 4 Ohio App.3d 254, 261-262.
In the case herein, Mark Reid testified at the hearing held on January 27, 1999, that upon learning that Janice had become pregnant, he had suspected he could be the child's biological father. Reid testified that he had requested a blood test to determine the parentage of the child, but that shortly after Stevie's birth Janice had informed him that a blood test had shown Steven was Stevie's biological father.
Janice testified at her deposition and at the hearing held on January 27, 1999, that Mark Reid had requested a blood test, and that she and Steven had decided to tell Reid that a blood test had already indicated Steven was Stevie's biological father. Reid also testified that in early 1997, Janice had informed him that she and Steven had lied to him regarding the blood test. Janice also informed him of the possibility he could be Stevie's natural father.
We find the foregoing testimony sufficiently establishes that Steven and Janice intentionally misrepresented Stevie's paternity. Thus, we find that Steven is foreclosed from asserting the equitable defense based upon the "clean hands" doctrine enunciated above.
Accordingly, the appellant's second assignment of error is overruled.
 Assignment of Error No. III
The trial court erred when it did not consider the doctrine of equitable parent when appellant petitioned the court for a custody determination and it was discovered that he was not the biological father of Stevie Carlisle.
In his third assignment of error, Steven maintains that his claim for custody of Stevie should have been granted based upon the doctrine of "equitable parent". For the reasons set forth in the appellant's second and fifth assignments of error, we find no merit to the appellant's argument and decline to address the matter any further.
Accordingly, the appellant's third assignment of error is not well-taken and is overruled.
 Assignment of Error No. IV
The trial court erred to the prejudice of appellant when it ruled that fraud and misrepresentation existed to conceal the paternity of Steven Carlisle.
In his fourth assignment of error, Steven maintains that the trial court erred in finding that he had attempted to conceal, by misrepresentation or fraud, Stevie's true paternity. For the reasons previously stated in the appellant's second assignment of error, we find no merit to this argument and decline to address the matter any further.
Accordingly, the appellant's fourth assignment of error is not well-taken and is overruled.
 Assignment of Error No. VI
The trial court erred to the prejudice of appellant when it failed to appropriately handle the transfer of child custody of a small child and the debacle of the transfer caused substantial harm to the child and appellant.
In his sixth assignment of error, Steven essentially maintains that the trial court erred in failing to adequately set forth the time, place, and manner of the transfer of custody of Stevie to his biological father, Mark Reid. Although the trial court did not set forth the time, place, and manner in which the transfer of custody was to have taken place, we find that the issue is now moot. Therefore, we decline to address the matter any further.
Accordingly, the appellant's sixth assignment of error is not well-taken and is overruled.
 Assignment of Error No. VII
The trial court erred by failing to award a judgment for appellant for the financial support he provided to a child not his own because the trial court awarded damages to the biological father when it erroneously held misrepresentation existed between appellant and Janice Carlisle.
In his seventh assignment of error, the appellant maintains that the trial court erred in failing to award him financial support for caring for Stevie since his birth. Because there is ample evidence in the record to support the assertion that Steven misrepresented Stevie's true paternity, we cannot say that the trial court abused its discretion in failing to award him financial support.
Accordingly, the appellant's seventh assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW and BRYANT, JJ., concur.
[1] Janice Seibert does not appeal the decision of the trial court.
[2] We note that R.C. 3109.04 vests in the common pleas court subject matter jurisdiction to determine the custody of minor children arising from marriage. In the case herein, the juvenile court has exclusive jurisdiction of this matter pursuant to R.C.2151.23.
[3] R.C. 3109.04 sets forth the primary standard applied in custody cases.