DECISION AND JUDGMENT ENTRY
After having a child out of wedlock, the Lees agreed to name the maternal grandmother, Barbara Cotterill, as the guardian of their infant son. They subsequently married, but did not terminate the probate court guardianship. However, their relationship broke down and both parties sought a divorce. Mr. Lee also sought permanent custody of their son. The domestic relations court granted temporary custody to Ms. Cotterill shortly after Mrs. Lee filed her complaint. During the pendency of the divorce proceedings, the Lees and Ms. Cotterill agreed, in the probate court, to terminate the guardianship. The domestic relations court ultimately awarded permanent custody of the Lees' son to Ms. Cotterill after finding that the Lees had contractually waived their paramount right to custody. Thus, it applied the "best interest of the child" test found in R.C. 3109.04. Mr. Lee appeals that award arguing that in a decision on custody involving a parent and a nonparent, the paramount interest of the parent requires the court to use the "unsuitability" rule explained in In re Perales (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047. Because the termination of the guardianship effectively revoked the Lees' contractual waiver of their parental rights, we conclude that the parents retained their paramount right to custody. Thus, the court had to find the Lees "unsuitable" before awarding custody to Ms. Cotterill. Although we recognize that this particular area of the law has become very complex and confusing, we believe that because the trial court did not employ thePerales unsuitability standard when it determined the custody issue, we must reverse the judgment and remand this matter for further proceedings.
This appeal concerns the custody of Justin Lee, who was born out of wedlock on February 17, 1998, as the child of appellant Alan Forest Lee, Jr. and appellee Denise A. Lee. Shortly after Justin's birth, and by agreement of all parties, the Meigs County Probate Court granted guardianship of Justin to his maternal grandmother, Barbara Cotterill. Mr. and Mrs. Lee later married, however, Justin remained a ward of the probate court, with Ms. Cotterill continuing as his legal guardian.
In December, 2000, Mrs. Lee filed a complaint for divorce in the Meigs County Court of Common Pleas. She also filed a motion for an order placing Justin in the temporary custody of her mother, Ms. Cotterill. A few days later, the Common Pleas Court granted temporary custody to Ms. Cotterill.[1] Thereafter, Mr. Lee filed his answer and counterclaim, along with a request for permanent custody of Justin. By agreement of all parties, the Meigs County Probate Court subsequently terminated its guardianship. The Domestic Relations Court then conducted a hearing and determined that Mr. and Mrs. Lee had contractually relinquished their right to custody. Accordingly, the court applied R.C. 3109.04 and found it was in Justin's best interest to remain with Ms. Cotterill and designated her as his residential and legal custodian.
Mr. Lee appeals, assigning one error for our review:
 "IN GRANTING CUSTODY OF THE PARTIES (SIC) MINOR CHILD TO THE MATERNAL GRANDMOTHER, THE TRIAL COURT ERRED WHEN IT APPLIED AN INAPPROPRIATE LEGAL STANDARD FOR REVIEW, AFTER MAKING CERTAIN FINDINGS OF FACT, WHEN IT APPLIED A `BEST INTERESTS OF THE CHILD' TEST, WITHOUT FIRST MAKING A FINDING OF `UNSUITABILITY,' AS REQUIRED UNDER OHIO LAW."
It is undisputed that the right of parents to raise their own children is an "essential" and "basic civil right." In re Murray (1990),52 Ohio St.3d 155, 157, 556 N.E.2d 1169, citing Stanley v. Illinois
(1972), 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551. Thus, natural parents have a paramount right, as against third parties, to custody of their children. Murray, supra; Clark v. Bayer (1877), 32 Ohio St. 299,310. This right, however, is not absolute. In re Johnson (Mar. 29, 1995), Ross App. No. 94 CA 2003.
Thus, in a child custody proceeding between a parent and a nonparent, the court must first make a finding of parental unsuitability before awarding custody to the nonparent. In re Perales (1977), 52 Ohio St.2d 89,369 N.E.2d 1047, syllabus. This is based on the rationale that suitable parents have a paramount right to custody of their minor children.Murray, supra, at 157. In order to find parental unsuitability, the court must determine, by a preponderance of the evidence, that the parent abandoned the child, contractually relinquished custody of the child, has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.Masitto v. Masitto (1986), 22 Ohio St.3d 63, 65, 488 N.E.2d 857;Perales, supra, at 98.
R.C. 3109.04(B)(1)[2] et seq. governs custody disputes that arise out of a divorce proceeding. As between parents, the universally applied standard for initial custody determinations is the best interests of the child. Boyer v. Boyer (1976), 46 Ohio St.2d 83, 86, 346 N.E.2d 286. The "best interest" standard is premised on the idea that both parents are suitable, capable of raising and caring for the child. Thompson v.Thompson (Aug. 10, 1995), Highland App. No. 94CA859.
Although the proceeding in Perales involved an action in juvenile court under R.C. 2151.23(A), this court and others have applied the Supreme Court's holding in that case to custody proceedings brought under R.C.3109.04. See In re Pryor (1993), 86 Ohio App.3d 327, 333, 620 N.E.2d 973;In re Dunn (1992), 79 Ohio App.3d 268, 270-271, 607 N.E.2d 81; Van Hoosev. Van Hoose (April 19, 1990), Pike App. No. 433; Long v. Long (Sept. 11, 1986), Washington App. No. 84 X 14; Adkins v. Adkins (Feb. 13, 1985), Pike App. No. 370; Thrasher v. Thrasher (1981), 3 Ohio App.3d 210,214, 444 N.E.2d 431. In spite of the fact that the precise language of R.C. 3109.04(D)(2)[3] specifically refers to the best interest of the child, a majority of this court has concluded that the unsuitability rule of In re Perales, supra, applies regardless of whether the custody dispute was brought under R.C. 2151.23 or R.C. 3109.04.
Here, the trial court applied the best interest of the child test found in R.C. 3109.04. The court concluded that Mr. and Mrs. Lee had contractually relinquished custody of Justin when they created the guardianship with Ms. Cotterill in probate court. Thus, it applied the best interest test to decide who should have "custody" of Justin.
However, a guardianship is not always meant to be a permanent relinquishment of all parental rights. See In re Guardianship of Dick
(Nov. 15, 1999), Warren App. No. CA98-12-154; In re Spriggs (April 24, 1990), Scioto App. No. 89-CA-1803 (holding that when a natural parent consents to a guardianship of his or her child, the guardianship should be presumed temporary unless otherwise stated). Moreover, a guardianship may be terminated, at which time, custody of the child returns to the parents. At this point, the parents' paramount right to custody and control of the child re-attaches as against all other third parties. Thus, when the parties agreed to terminate the original guardianship, the paramount right of custody of the child reverted back to the Lees as a matter of law.
Since this case involves a custody dispute between a parent and a nonparent, the unsuitability test, rather than the best interest standard, applies. Therefore, before awarding "custody" to Ms. Cotterill, the trial court was required to find, by a preponderance of the evidence, that the Lees had abandoned the child, had again contractually relinquished custody of the child, had become totally incapable of supporting or caring for the child, or that an award of custody to either parent would be detrimental to the child because the parents were unsuitable.
Because termination of the guardianship effectively rendered the Lee's contractual relinquishment of their parental rights null and void, Mr. Lee was entitled to custody of the child, absent a finding of unsuitability. Nothing in the transcript indicates any of the other criteria for parental unsuitability were present in this case. In fact, the court noted that Mr. Lee had taken care of Justin's needs when he was in his care and control and specifically found Mr. Lee to be a suitable parent. Moreover, a temporary order of custody under Civ.R. 75(N) is not an original custody decision that would require application of the best interest test to any subsequent allocation of parental rights. Temporary orders implicitly contemplate a subsequent custody decision.
Because the trial court erred by applying the best interest test rather than the "unsuitability" standard, we reverse and remand this case for further proceedings.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only with Attached Concurring Opinion.
[1] The authority of the trial court to make the temporary order is not an issue in this case. But, see, R.C. 2111.50(A)(1), which states that the Probate Court is the superior guardian of wards under its jurisdiction.
[2] {¶ a} R.C. 3109.04(B)(1) provides:
 {¶ b} When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children.
[3] R.C. 3109.04(D)(2) states:
 {¶ c} If the court finds, with respect to any child under eighteen years of age, that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative of the child * * * [.]