DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner-appellant, Deborah Dean Reaper ("Reaper"), appeals the judgment of the Lawrence County Court of Common Pleas, Probate-Juvenile Division, which granted custody of her minor granddaughter, M.R., to the child's father, respondent-appellee, William James, Jr. ("James"). For the following reasons, we affirm.
 {¶ 2} On April 9, 2004, Reaper's daughter, Sheila, gave birth to M.R. Sheila had custody of M.R., and Reaper often assisted with the child's care. On December 14, 2006, Sheila died in her sleep, in M.R.'s presence. Reaper filed a motion for temporary custody, which the court granted. Reaper also filed a petition for permanent custody of the child. James filed an answer to this petition, along with his own motion for custody of M.R. The court granted James visitation while the motions for custody pended.
 {¶ 3} The magistrate conducted a three-day hearing, which began on July 6, *Page 2 
2007, and concluded on October 26, 2007. The magistrate awarded James permanent custody of M.R. and arranged for a gradual change of physical custody. The magistrate also granted Reaper visitation rights. Reaper timely filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's findings.
 {¶ 4} Reaper timely appealed the trial court's judgment and assigns two errors for our review:
 I. THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER GRANTING CUSTODY TO THE FATHER WOULD BE DETRIMENTAL TO THE WELFARE OF THE CHILD.
 II. THE TRIAL COURT ERRED IN FAILING TO ALLOW THE FULL TESTIMONY OF THE WITNESS, KATHY FIELDS.
 {¶ 5} In her first assignment of error, Reaper contends that the trial court erred by failing to determine whether granting James custody would be detrimental to the welfare of M.R.
 {¶ 6} Trial courts have broad discretion in determining custody matters. Reynolds v. Goll (1996), 75 Ohio St.3d 121, 124. Therefore, we will not reverse a trial court's custody decision absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157. When applying this standard, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138, citing Berk v. Matthews (1990),53 Ohio St.3d 161, 169. "[T]he trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Davis at 418, quoting Seasons Coal Co. v. *Page 3 Cleveland (1984), 10 Ohio St.3d 77, 80. A deferential review in child custody cases is particularly appropriate as "there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Id. at 419.
 {¶ 7} The right of a parent to raise his own child is an essential and basic civil right. In re Murray (1990), 52 Ohio St.3d 155, 157, citingStanley v. Illinois (1972), 405 U.S. 645, 651; Meyer v. Nebraska (1923),262 U.S. 390, 399. Therefore, "natural parents have a paramount right, as against third parties, to custody of their children." In reKovaleski, Washington App. No. 05CA12, 2006-Ohio-317, ¶ 14, citingMurray at 157; Clark v. Bayer (1877), 32 Ohio St. 299, 310. "This right, however, is not absolute." Id., citing In re Johnson, Ross App. No. 94CA2003, 1995 WL 146064, *2.
 {¶ 8} In a custody proceeding between a parent and a nonparent under R.C. 2151.23(A)(2), the trial court may not award custody to the nonparent without first determining that the parent is unsuitable.In re Perales (1977), 52 Ohio St.2d 89, syllabus. A parent may be found unsuitable "only if a preponderance of the evidence indicates abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable[,] that is, that an award of custody would be detrimental to the child." Id. at 98. When evaluating detriment to the child, the court "must measure suitability in terms of the harmful effect on the child, not in terms of society's judgment of the parent." In re ZAP.,177 Ohio App.3d 217, 2008-Ohio-3701, ¶ 19, citing In re Dunn (1992), 79 Ohio App.3d 268,271; Perales at 98.
 {¶ 9} Reaper contends that the trial court failed to apply the proper standard in its decision on parental suitability. She points to the court's statement in the judgment entry that "evidence produced at hearing, however, does not support a finding that Mr. James *Page 4 
is an unsuitable parent." Reaper argues that the court improperly used this "generalized statement as the applicable law" and failed to determine whether awarding James custody would be detrimental to M.R. She further argues that the court considered detriment as a "best interest" consideration instead of as a parental unsuitability consideration.
 {¶ 10} Reaper concludes that had the court considered the detriment to M.R., it would have found that James was an unsuitable parent. She highlights James's history of domestic violence and anger problems in support of this conclusion. She interprets the lack of specific findings in the judgment entry regarding the testimony of M.R.'s counselor and the child's psychological condition as further evidence that the court failed to consider the detriment that would result from a change in custody.
 {¶ 11} The trial court outlined the following standard, which closely tracks the language used in Perales:
 Ohio law recognizes the paramount right of a parent to have custody of his or her child over a third party, even a grandparent with whom the child has lived. [In] order for a non-parent to be granted custody the evidence must show by a preponderance of the evidence that the parent has forfeited their paramount right by contract, abandonment, or is otherwise unsuitable. A Court cannot consider factors that go to best interest unless a parent's paramount right to custody has been lost.
 {¶ 12} While the court did not expressly state that granting James custody would not be detrimental to M.R., it found that "no evidence was presented to suggest the child suffered any harm as a result of her contact with her father." The court recognized James's past problems with domestic violence, alcohol, and anger management, but it determined that:
 The evidence presented at hearing, however, does not support a finding that Mr. James is an unsuitable parent. This conclusion was not made *Page 5 
hastily or lightly. The Court is mindful of the impact and detriment that can occur as a result of a child being subject to or as a witness to domestic violence, physical or mental. The Court cannot find that a preponderance of the evidence demonstrated that this parent would subject this child or has subjected any of his other children to such.
Furthermore, while the court made no specific findings regarding the counselor's testimony or the effect a change in custody would have on M.R.'s psychological well-being, the court remained mindful of the child's emotional needs when it provided for a gradual change in physical custody and for visitation with Reaper. Because the trial court's findings indicate that it determined that granting James custody would not be detrimental to M.R., there is no error.
 {¶ 13} We note that several of Reaper's arguments indicate her belief that the manifest weight of the evidence supports her claim that granting James custody would be detrimental to M.R. Reaper did not, however, assign an error asserting that the trial court's judgment was against the manifest weight of the evidence. Therefore, we do not address this issue.
 {¶ 14} For all these reasons, we overrule Reaper's first assignment of error.
 {¶ 15} In her second assignment of error, Reaper contends that the trial court erred by limiting the testimony of Kathy Fields, James's former girlfriend, to events that occurred after August 31, 2007, the second day of the hearing. At the start of the hearing, the court granted a motion to separate the witnesses. Fields admitted that she sat in the courtroom during the second day of the hearing. Prior to the final day of the hearing, she and James broke up. Reaper then called Fields as a witness on the final day of the hearing.
 {¶ 16} Reaper failed to proffer Fields's proposed testimony regarding events that *Page 6 
occurred prior to August 31, 2007, to the trial court. Likewise, Reaper's brief does not identify any specific evidence that should have been admitted. "Absent a proffer in the trial court and a direct reference in the brief to specific evidence that should have been admitted, we have nothing to rule upon." In re West, Washington App. No. 01CA8, 2001-Ohio-2634, 2001 WL 1659385, *5, citing App. R. 16(D). Reaper's generic contention that Fields "had specific observations of the father and the lack of care [] the father showed toward the child, which could have been offered to the court" and had information regarding James's "continued lack of [] stability and lack of ability to provide emotional care for the child" do not satisfy her responsibility in this regard. Thus, we overrule Reaper's second assignment of error.
 {¶ 17} For all these reasons, we overrule Reaper's assignments of error. We affirm the judgment of the Lawrence County Court of Common Pleas, Probate-Juvenile Division.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the trial court's JUDGMENT IS AFFIRMED. Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate-Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. Kline, J.: Concur in Judgment and Opinion. *Page 1