Miller, Appellee, v. Ritchie et al., Appellants.

[Cite as Miller v. Ritchie (1989), 45 Ohio St. 3d 222.]

(No. 88-1296—Submitted May 30, 1989—Decided September 6, 1989.)

*Moore, Moore & Moore* and *Joseph G. Carroll,* for appellee.

*Legal Aid Society of Cincinnati, John E. Schrider, Jr., Clermont County Legal Aid Society* and *Lisa E. O'Rear,* for appellants.

*Legal Aid Society of Cleveland, Peter M. Iskin* and *Barbara A. Reitzloff,* urging reversal for *amicus curiae,* Cleveland Tenants Organization.

H. BROWN, J. The record clearly demonstrates Miller was aware of the defects in the Ritchies' apartment, yet

failed to maintain the leasehold as required by law. The record also establishes that the Ritchies were aware of escrow procedures, but did not escrow rent or pursue the remedies provided by R.C. 5321.07. The issues for our resolution are: (1) whether the Ritchies waived the right to recover damages by occupying the defective rental premises for over two years without pursuing the remedies provided in R.C. 5321.07, and (2) whether the trial court properly computed damages.[3] For the following reasons we find the Ritchies did not waive their right to recover damages and the trial court erred in computing damages.

## I

Ohio's Landlords and Tenants Act imposes duties on landlords which were absent at common law. The General Assembly enacted R.C. 5321.07 to provide tenants with leverage to redress breaches of those duties. When a landlord fails to maintain rental property in accordance with statutory or contractual obligations, R.C. 5321.07 allows a tenant to: (1) deposit rent with the court, (2) apply for a court order directing the landlord to remedy the condition, or (3) terminate the rental agreement. As a prerequisite to utilizing these remedies, the tenant must be current in rent payments and must notify the landlord in writing of the violations.

R.C. 5321.07 should not be construed as the exclusive remedy for tenants aggrieved by a landlord's breach of duty. The language of the statute is discretionary, providing that "* * * the tenant *may* * * *" use one of the remedies provided in the statute "[if] a landlord * * *. after receipt of * * * notice fails to remedy the condition within a reasonable time * * * and if the tenant is current in rent payments * * *." (Emphasis added.) As stated in our decision in *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20, 25, 22 O.O. 3d 152, 155, 427 N.E. 2d 774, 777:

"* * * [T]he remedies provided in R.C. Chapter 5321 are cumulative * * *. For example, the remedy of depositing rental payments with the clerk of court is grossly inadequate to compensate tenants for [personal injuries] * * *. An alternative remedy of termination of the lease is also not an adequate or viable option for many tenants when there is a lack of availability of other apartments and considering the costs involved in relocating. Thus, the new remedies given tenants in R.C. Chapter 5321 are intended to be preventive and supplemental to other remedial measures."

Although risking eviction, a tenant who withholds but does not escrow rent does not waive the right to recover damages caused by a landlord's breach of duty. The forcible entry and detainer statute, R.C. 1923.061(B), states: "In an action for possession of residential premises based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount he may

---

[3] Miller also argues that the trial court erred in proceeding to trial without ascertaining whether Miller was prejudiced by the late filing of the Ritchies' counterclaim. A trial court is not obligated to *sua sponte* ascertain whether a party needs more time to prepare for trial. Miller did not move for continuance at this point. Thus he waived his right to a review of the trial court's action. Moreover, the record indicates Miller was not prejudiced by the late filing of the counterclaim. He had nearly three months from the filing of the counterclaim to the date of trial to prepare a defense.

recover under the rental agreement or under Chapter 3733. or 5321. of the Revised Code." R.C. 5321.03 authorizes a landlord to bring a forcible entry and detainer action and provides in division (B) that "[t]he maintenance of an action by the landlord under this section does not prevent the tenant from recovering damages for any violation by the landlord of the rental agreement or of section 5321.04 of the Revised Code."

Similarly, a tenant does not waive the right to recover damages for a landlord's breach of duty to maintain rental property when, as happened here, the tenant pays rent and tries to persuade the landlord to make repairs rather than pursue R.C. 5321.07 remedies. Resolution of landlord-tenant conflicts without litigation should be encouraged, not penalized.

The fact that the Ritchies pursued only this latter remedy for over two years does not mean they acquiesced in the defective condition of the apart-

ment. Rather, the record indicates, from the onset of the Ritchies' occupancy, that Miller promised to fix any problems in the apartment and Mr. Ritchie repeatedly requested Miller to make repairs.

Moreover, a tenant's acquiescence in the defective condition of an apartment does not relieve the landlord of the duty to maintain the apartment in conformance with R.C. 5321.04. Nor does it constitute an enforceable contractual waiver of the tenant's right to recover damages. The Landlords and Tenants Act prohibits any agreement between the landlord and tenant which purports to waive the landlord's duty to maintain the premises and any agreement that purports to waive the tenant's right or ability to bring an action for damages. R.C. 5321.13[4]; 5321.06.[5] 1 Restatement of the Law 2d, Property, Landlord & Tenant (1977) 360, Section 11.1, Comment *g*, states: "The tenant is entitled to an abatement of the rent at any time after the

---

[4] R.C. 5321.13 provides:

"(A) No provision of Chapter 5321. of the Revised Code may be modified or waived by any oral or written agreement except as provided in division (F) of this section.

"(B) No warrant of attorney to confess judgment shall be recognized in any rental agreement or in any other agreement between a landlord and tenant for the recovery of rent or damages to the residential premises.

"(C) No agreement to pay the landlord's or tenant's attorney fees shall be recognized in any rental agreement for residential premises or in any other agreement between a landlord and tenant.

"(D) No agreement by a tenant to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or its related costs shall be recognized in any rental agreement or in any other agreement between a landlord and tenant.

"(E) A rental agreement, or the assignment, conveyance, trust deed, or security instrument of the landlord's interest in the rental agreement may not permit the receipt of rent free of the obligation to comply with section 5321.04 of the Revised Code.

"(F) The landlord may agree to assume responsibility for fulfilling any duty or obligation imposed on a tenant by section 5321.05 of the Revised Code."

---

[5] R.C. 5321.06 provides:

"A landlord and a tenant may include in a rental agreement any terms and conditions, including any term relating to rent, the duration of an agreement, and any other provisions governing the rights and obligations of the parties that are not inconsistent with or prohibited by Chapter 5321. of the Revised Code or any other rule of law."

landlord's default. Failure to assert this right is not a waiver of it. When he asserts the right, the abatement will relate back to the date when he was first entitled to it. * * *''

This is not to say that a tenant may delay indefinitely before asserting his legal right to recover damages. Ohio law provides defenses to those aggrieved by a party's delay in asserting rights. These defenses include laches, equitable estoppel, and statutes of limitations. None of these defenses were raised by Miller. None are supported by the record.

We hold that where a landlord has been placed on notice of a tenant's claim, the tenant's occupancy of defective rental premises over a lengthy period of time does not constitute a waiver of the landlord's duty to maintain the premises as required by R.C. 5321.04 or a waiver of the tenant's right to recover for damages resulting from the landlord's breach of duty.

## II

We turn to the question of whether the trial court properly computed damages.

In awarding the Ritchies the amount of $3,000, the jurisdictional maximum,[6] the trial judge explained his reasoning as follows:

"The reason that I use $3,000.00, I'm finding that they didn't get any benefit from what they were doing, that the photographs clearly show they didn't get it. The cost, as testified by the Electrical Inspector, simply points it up, and the only reason it's not more than $3,000.00 is that's all the law let's me do.''

The finding that the Ritchies obtained no benefit from the apartment conflicts with the award to Miller of $800, the full rent for four months. If the property had no value, then an award of back rent to Miller was inappropriate. If the property had a value less than the rental price but greater than zero, as seems probable, the trial court erred in failing to identify that value and award damages accordingly.

In order to sustain the trial court's award, the Ritchies invite us to either adopt a reduction-in-use measure of damages or find that rent is completely abated under the circumstances of this case. We decline their invitation.

Where a landlord breaches a duty to maintain rental property and the tenant does not make the repairs, the measure of damages is the difference between the rental value of the property in its defective condition and what the rental value would have been had the property been maintained. *Smith v. Padgett* (1987), 32 Ohio St. 3d 344, 513 N.E. 2d 737, paragraph one of the syllabus. Rarely, if ever, will a defective rental property have a value of zero.

In *Smith,* we reserved the possibility of using a reduction-in-use measure of damages in an appropriate case. This second opportunity (to examine damage issues in a landlord-tenant dispute) prompts us to conclude that reduction-in-use is not a satisfactory measure. Evidence showing reduction-in-use is relevant. But damages should be computed by measuring the effect of such reduction-in-use (together with any other defect in the leasehold) on the rental value of the property.

---

[6] Former R.C. 1909.04 (now renumbered R.C. 1907.03[A]) provided:

"Under the restrictions and limitations of sections 1909.01 to 1909.10 of the Revised Code, judges of county courts have exclusive original jurisdiction in civil actions for the recovery of sums not exceeding five hundred dollars and original jurisdiction in civil actions for the recovery of sums not exceeding three thousand dollars.''

We reject the landlord's contention that the record does not contain sufficient evidence to make a damages award. The stipulated rent amount is presumptive evidence of the rental value of the property without defects. *Smith, supra.* The tenant's undisputed testimony as to the extent of defects, even if not accompanied by the tenant's opinion on the monetary value of the defective property, is sufficient evidence on which to base a damages award.[7] However, the finder of fact (judge or jury) must determine the monetary amount by which the defects and the reduction in use have lessened the value of the leasehold.

For the foregoing reasons we reverse the judgment of the court of appeals and remand the cause to the trial court for a recalculation of damages in accordance with this opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., WRIGHT and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur in part and dissent in part.

HOLMES, J., dissents.

DOUGLAS, J., concurring in part and dissenting in part. I concur in the reasoning of the majority opinion. I would, however, reverse the court of appeals and reinstate the judgment of the trial court which, it seems to me, made the very determination now mandated by the majority.

SWEENEY, J., concurs in the foregoing opinion.

HOLMES, J., dissenting. I would affirm the court of appeals on all issues.

---

[7] The tenant may testify as to the value of the defective property. However the opinion of the tenant, even if undisputed, is not binding. *Smith, supra.*