This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, George and Tamela Brown ("Browns"), appeal the decision of the Wayne County Municipal Court, which dismissed their claim for the return of their rental security deposit and their claim for rent reduction and granted judgment in favor of Appellee, Joyce August ("August") in the amount of $100. We affirm in part, reverse in part, and remand the cause for further proceedings.
 I.
From mid-October, 1998 until mid-December, 1999, the Browns rented a residence from August on Kidron Road in Dalton, Ohio. For much of the tenancy, their rental payments were made by the Veteran's Administration ("VA").
On August 30, 2000, the Browns filed a two count complaint against August, seeking the return of their security deposit and statutory damages for its wrongful withholding, and seeking a refund of rent due to August's failure to repair and maintain the premises. August filed a counterclaim, seeking damages for unpaid rent and property damages.
A hearing was held before a magistrate on January 3, 2001. Thereafter, the Browns filed an objection to the magistrate's proposed decision. The trial court entered its judgment on March 20, 2001. The trial court found that the Browns were not entitled to a refund of their security deposit or statutory damages because it found that the Browns did not pay a security deposit. The court found in favor of August on Browns' rental refund claim because the property was in poor condition when the Browns moved in, and as such, they received the benefit of their bargain. The trial court further found that the Browns were not the real parties in interest because they did not suffer damages; their rent was paid by the VA. The trial court awarded August $100, finding that the Browns had agreed to purchase a stove from August for $100. The trial court dismissed August's counterclaim for unpaid rent and damages because she did not present any evidence regarding the same.
This appeal followed. The Browns raise six assignments of error. Because the Browns' first and second assignments of error are related, and their fourth and fifth assignments of error are related, we address them together for ease of review.
 II.
Initially, we note that the appellee has failed to file a brief in this matter. Pursuant to App.R. 18(C), this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action. We now proceed to determine whether the appellant's brief reasonably appears to warrant a reversal of the judgment of the court below.
 ASSIGNMENT OF ERROR I. THE TRIAL COURT'S RULING THAT APPELLANTS-TENANTS CANNOT RECOVER ON THEIR RENTAL REFUND CLAIM FOR APPELLEE-LANDLORD'S FAILURE TO REPAIR THE RENTAL UNIT BECAUSE "THEY RECEIVED THE BENEFIT OF THE BARGAIN" IS BOTH FACTUALLY INACCURATE AND CONTRARY TO OHIO'S STATUTORY SCHEME.
 ASSIGNMENT OF ERROR II. THE TRIAL COURT'S CONCLUSION THAT THE APPELLANTS' CONTINUED OCCUPANCY OF THE RENTAL UNIT WAIVED THEIR CLAIMS FOR A RENTAL REFUND DUE TO THE APPELLEE-LANDLORD'S FAILURE TO REPAIR AND MAINTAIN THE PREMISES IS CONTRARY TO LAW.
In their first and second assignments of error, the Browns assert that the trial court applied the incorrect law to their rent refund claim. We agree.
We review a trial court's interpretation of a statute on a de novo
basis because it presents us with a question of law. In Ohio, a landlord owes certain statutory duties to his tenants. See R.C. 5321.04. One of those duties is the landlord's obligation to "[m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition[.]" R.C. 5321.04(A)(2). The landlord must also "[m]aintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances[.]" R.C. 5321.04(A)(4).
The statutory scheme also provides certain remedies to tenants to redress a landlord's failure to fulfill any of the statutory obligations after the landlord receives notice of the condition. See R.C. 5321.07. These statutory remedies are not exclusive, and a tenant may choose to seek additional remedies for the landlord's breach. Miller v. Ritchie
(1989), 45 Ohio St.3d 222, 224, quoting Shroades v. Rental Homes
(1981), 68 Ohio St.2d 20, 25.
A tenant's acquiescence to the defective conditions of rental property does not relieve the landlord of his statutory duties mandated by R.C.5321.04, which requires landlords to keep premises in habitable and fit conditions. See Miller, 45 Ohio St.3d at 224; Kiser v. Stevens (Feb. 1, 1993), Richland App. No. 92-CA-54, unreported. Furthermore, "[a] tenant does not waive the right to recover damages for a landlord's breach of duty to maintain rental property when the tenant pays rent and tries to persuade the landlord to make repairs rather than pursue statutory remedies under R.C. 5321.07." Miller, 45 Ohio St.3d at paragraph one of the syllabus.
In support of their rent reduction claim, the Browns cited various examples of the condition of the rental property, including poor plumbing, a rotting porch and shed, and a leaking roof. The trial court denied the Browns' claim for rent reduction, stating:
 The property was in poor condition when they agreed to rent the property and pay $600 per month. [The Browns] were aware of the poor water quality, the leaky faucet and condition of the storage sheds among other things. Despite this they moved into the property and agreed to pay $600 per month rent. They received the benefit of their bargain. Not until well after their tenancy had terminated, did tenants decide that they had paid too much rent. The time to make that decision was before they agreed to $600 per month rent, [paid] the initial month's rent and [moved] into the property where they remained for 14 months.
August had the statutory obligation to repair and maintain the rental premises. Whether the Browns knew of the conditions complained of before moving into the premises is immaterial. See Miller,45 Ohio St.2d at 224; Kiser v. Stevens (Feb. 1, 1993), Richland App. No. 92-CA-54, unreported. Moreover, the fact that the Browns remained on the property for 14 months does not waive a claim for damages for August's failure to comply with the statutory obligations. See Miller, 45 Ohio St.2d at paragraph one of the syllabus. Thus, the trial court misapplied the law. Therefore, the Browns' first and second assignments of error are sustained.
 III. ASSIGNMENT OF ERROR III. THE TRIAL COURT'S RULING THAT THE APPELLANTS ARE NOT THE REAL PARTIES IN INTEREST TO CLAIM THE RENTAL REFUND BECAUSE THEY RECEIVED FINANCIAL SUPPORT FROM A THIRD PARTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
The Browns argue that the trial court erred in finding that they were not the real parties in interest, and therefore, they lacked standing to pursue a reduction in rent from August's failure to maintain the premises in compliance with R.C. 5321.04. We agree.
We begin our discussion with a review of the statutory language. A landlord is "the owner, lessor, or sublessor of residential premises, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement." R.C. 5321.01(B). A tenant is one who is "entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others." R.C. 5321.01(A). As previously noted, a landlord's statutory obligations with respect to the rental property are set out in R.C. 5321.04.
R.C. 5321.12 provides "[i]n any action under Chapter 5321. of the Revised Code, any party may recover damages for the breach of contract or the breach of any duty that is imposed by law."
The Browns were a party to the rental agreement with August. Pursuant to the statutory framework, the Browns, as tenants, were authorized under R.C. 5321.12 to bring a suit against August, the landlord, for her failure to maintain the premises. The Browns paid rent for a few months prior to the time when the VA began paying the rent. Therefore, the Browns had standing to assert such a claim and were the real parties in interest for a claim. See Budac v. Nahmi (June 19, 1991), Summit App. No. 14901, unreported at 6-7; Foss v. Reddy (Nov. 2, 1995), Cuyahoga App. No. 68836, unreported. The VA's payment of the Browns' rent is relevant to the amount of damages the Browns should receive, should they prevail on their claim for a rent refund, not as to whether the Browns have standing to pursue the claim.
The Browns' third assignment of error is sustained.
 IV. ASSIGNMENT OF ERROR IV. THE TRIAL COURT ERRED IN ADMITTING APPELLEE-LANDLORD'S EVIDENCE OF THE CONDITION OF THE RENTAL UNIT NINE MONTHS AFTER THE TERMINATION OF THE APPELLANTS' TENANCY.
In their fourth assignment of error, the Browns assert that the trial court erred when it admitted photographs and evidence depicting the condition of the rental property as it existed nine months after the Browns vacated the property.
The trial court has broad discretion in the admission and exclusion of evidence. State v. Hymore (1967), 9 Ohio St.2d 122, 128. An appellate court will not disturb evidentiary rulings absent an abuse of discretion. Id. An abuse of discretion signifies more than merely an error in judgment; instead, it involves "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
This court notes that the Browns have failed to set forth a single, legal authority to support their contention that the trial court erred in admitting the evidence of the property's condition. In doing so, the Browns have failed to provide citations to authorities in support of their assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6).
The Browns had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox (1996), 114 Ohio App.3d 41,60. "[I]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349, 18673, unreported, at 18. As the Browns did not cite to any legal authority, their assertions cannot be considered as sufficient to carry their burden of proving an abuse of discretion.
Accordingly, because the Browns have failed to set forth any legal error by the trial court in their fourth assignment of error, this court chooses to disregard it. Therefore, the Browns' fourth assignment of error is overruled.
 V. ASSIGNMENT OF ERROR V. THE TRIAL COURT'S DISMISSAL OF APPELLANTS' SECURITY DEPOSIT REFUND CLAIM IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR VI. THE TRIAL COURT'S AWARD OF $100 TO THE APPELLEE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In their fifth and sixth assignments of error, the Browns assert that the trial court's decision dismissing their rental refund claim and the trial court's award of $100 to August are against the manifest weight of the evidence.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born, (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. Only in the exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal, will the appellate court reverse and order a new trial. Statev. Otten (1986), 33 Ohio App.3d 339, 340. Accordingly, in order for an appellate court to reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
This court notes that the Browns have again failed to set forth a single, legal authority to support their contentions that the trial court erred. As noted in our discussion of the Browns' fourth assignment of error, the Browns had the burden to demonstrate the error on appeal. SeeAngle (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2. The Browns have failed to provide citations to authorities to support their fifth and sixth assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6).
Accordingly, because the Browns have failed to set forth any legal error by the trial court in their final two assignments of error, this court chooses to disregard those assignments of error as well. Therefore, the Browns' fifth and sixth assignments of error are overruled.
 VI.
Having sustained the Browns' first, second, and third assignments of error and overruled their fourth, fifth, and sixth assignments of error, we affirm the decision of the trial court in part, reverse in part, and remand for further proceedings.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BATCHELDER, P. J., WHITMORE, J. CONCUR.