[Cite as *Wenzke v. Baird*, 2014-Ohio-3069.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Shannon Wenzke
                                          Court of Appeals No. L-13-1244

    Appellee
                                          Trial Court No. CVG-12-15924

v.

Kathleen Baird
                                          **DECISION AND JUDGMENT**

    Appellant
                                          Decided:  July 11, 2014

* * * * *

Douglas A. Wilkins, for appellee.

J. Edward Foley, for appellant.

* * * * *

**JENSEN, J.**

## Introduction

{¶ 1} This accelerated appeal presents a landlord-tenant dispute concerning a
rental home located at 2249 Wildwood in Toledo, Ohio.  Appellant-landlord, Kathleen
Baird, appeals the judgment of the Housing Division of the Toledo Municipal Court,

which adopted the magistrate's decision in favor of the tenant-appellee, Shannon Wenzke. The magistrate granted a $1,000 rent abatement, terminated the lease agreement, ordered appellant not to re-rent the premises until the housing condition is repaired, and denied the parties' cross-motions for attorney fees.

### Statement of Facts and Procedural Background

{¶ 2} On September 7, 2012, appellee filed in the municipal court an "application and affidavit for tenant rent escrow" pursuant to R.C. 5321.07(B)(1). Appellee sought to deposit his rental payment for the month of September with the court in lieu of paying appellant.[1] Appellee complained about the absence of air conditioning in the master bedroom and "windows unable to be opened in living room." Appellee requested early termination of the rental agreement pursuant to R.C. 5321.07(B)(3).

{¶ 3} On December 10, 2012, appellant filed an application for release of the escrowed rent pursuant to R.C. 5321.09. Appellant argued that appellee was not entitled to withhold rent because appellee had acknowledged that the premises were in good repair at the time the lease was executed. Appellant also sought attorney's fees pursuant to R.C. 5321.09(D), claiming that appellee acted in bad faith in withholding rent.

{¶ 4} A magistrate referred the matter to a housing specialist who inspected the premises on December 18, 2012. The housing specialist found the following violation of Section 1745.02(f) of the Toledo Housing Code: "Six (6) living room windows were

---

[1] At the time the dispute arose, Rylan Realty Group managed the rental property on behalf of appellant and was the named defendant in the case. By order dated March 28, 2013, the municipal court substituted Kathleen L. Baird for Rylan Realty Group.

2.

found to be inoperable.  Three would not open at all.  Two would open only slightly and the remaining window did not have a handle.  The landlord is to render all six windows fully operational or install replacement windows."

{¶ 5} On January 30, 2013, the magistrate issued a decision, finding,

[Appellee] is granted $1000.00 for rent abatement.  [Appellant] has refused to repair windows.  [Appellant] is released all other funds in escrow minus court costs.  [Appellant] is ordered not to re-let the premises until approval is obtained from TMC Housing Specialist.  [Appellee] is released from lease term.  Both parties' motions for attorney fees are denied. * * * [Appellant's] motion-application to release rent is denied.

{¶ 6} Appellant objected to the magistrate's decision.  First, appellant argued that a modern building code could not be applied retroactively to her 1950's home.  Second, appellant argued that a violation of the building code did not give rise to a claim under R.C. 5321.07 because the window condition did not affect health or safety.  Third, appellant argued that appellee was not entitled to the remedies provided in R.C. 5321.07 because he was not current with his rent.  Finally, appellant claimed that appellee could be awarded, at most, one remedy under the statute.

{¶ 7} By order journalized October 3, 2013, the trial court adopted the magistrate's decision.  It found,

[T]he Magistrate found that the [appellant] refused to comply with the Housing Specialist's recommendation and, therefore, closed the rent escrow

3.

account. * * * In the average case, the findings of the Housing Specialist usually are complied with and the rent escrow funds are released. However, in this case the [appellant] refused to comply and took the position that the defect in the windows was not a safety hazard. THEREFORE, UPON REVIEW, IT IS THE FINDING OF THE COURT that the window defects are hazards and placed [appellee's] safety in jeopardy.

{¶ 8} The court also adopted the remedies recommended by the magistrate. On October 29, 2013, appellant filed a notice of appeal.[2] Appellant sets forth five assignments of error:

1. The trial court erred when it ruled a violation of Toledo's Housing Code created a hazard placing Plaintiff's safety in jeopardy and applied the remedies in R.C. 5321.07.

2. The trial court erred when it retroactively applied a 2011 provision of the Toledo Housing Code to the landlord's property and ordered it not be re-rented until it was in compliance.

3. The trial court erred when it permitted tenant to escrow rent when he was not current in his rent.

---

[2] A previous appeal was dismissed by this court for want of a final, appealable order. *Wenzke v. Rylan Realty Group,* 6th Dist. Lucas No. L-13-1059, 2013-Ohio-3962.

4.

4. The trial court erred when it both abated the rent of plaintiff, and ordered the lease agreement terminated with no evidence the defect materially affected health and safety.

5. The trial court erred when it denied Defendant's motion for attorney's fees.

## Standard of Review

{¶ 9} Pursuant to Civ.R. 53(D)(3)(b), a party who disagrees with a magistrate's proposed decision may file objections to it. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. Instead, the trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). The trial court's review of a magistrate's decision is de novo. *Dayton v. Whiting*, 110 Ohio App.3d 115, 118, 673 N.E.2d 671 (3d Dist.1996).

{¶ 10} By contrast, a court of appeals reviews the trial court's adoption of a magistrate's decision under an "abuse of discretion" standard. *Harajli Mgt. & Invest., Inc. v. A&M Invest. Strategies, Inc.,* 167 Ohio App.3d 546, 2006-Ohio-3052, 855 N.E.2d 1262, ¶ 64 (6th Dist.). As explained by the Supreme Court of Ohio,

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable,

rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

## Law and Analysis

**{¶ 11}** In her first assignment of error, appellant claims that the trial court erred when it ruled that the window defects created a hazardous condition that jeopardized appellee's safety for which appellant could be held liable under R.C. 5321.07.

**{¶ 12}** "Ohio's Landlords and Tenants Act imposes duties on landlords which were absent at common law. The General Assembly enacted R.C. 5321.07 to provide tenants with leverage to redress breaches of those duties." *Miller v. Ritchie,* 45 Ohio St.3d 222, 224, 543 N.E.2d 1265 (1989). R.C. 5321.07(A) provides,

> (A) If a landlord fails to fulfill any obligation imposed upon him by section 5321.04 of the Revised Code, * * * or any obligation imposed upon him by the rental agreement * * * or if a governmental agency has found that the premises are not in a compliance with building, housing, health, or safety codes * * * that could materially affect the health and safety of the occupants, the tenant may give notice in writing to the landlord, specifying the * * * violations that constitute noncompliance.

6.

{¶ 13} Thus, the remedies available under R.C. 5321.07(B) require a tenant to show that the landlord violated (1) the lease agreement, (2) a building code that could materially affect health and safety, or (3) R.C. 5321.04.

{¶ 14} Here, there is no allegation that the condition of the windows violated the terms of the lease agreement. Indeed, appellee argues that because the lease is not part of the record, it must not be considered.

{¶ 15} With regard to the building code violation, appellant was cited for having six windows that only partially opened or did not open at all, in violation of Section 1745.02(f) of the housing code. That section provides, "All dwelling structures and parts thereof, both exterior and interior, shall be maintained in good repair and shall be capable of performing the function for which such structure or part of any feature thereof was designed or intended to be used." Critically, however, the housing specialist did not find that the violation in this case "could materially affect the health and safety of the occupants." Moreover, neither the magistrate nor the trial court made any mention of the building code violation. Absent a finding that the building code violation materially affected appellee's health and safety, it will not support a claim under R.C. 5321.07(A).

{¶ 16} The remaining basis upon which to make a claim under R.C. 5321.07(A) is to demonstrate that appellant violated R.C. 5321.04. R.C. 5321.04(A) provides, in relevant part, that a landlord shall "(1) [c]omply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety; (2) [m]ake all repairs and do whatever is reasonably necessary to put and keep the

7.

premises in a fit and habitable condition; * * * [and] (4) [m]aintain in good and safe working order and condition all * * * ventilating * * * fixtures * * *."

{¶ 17} Both R.C. 5321.07(A) and 5321.04(A)(1) pertain to building codes that materially affect health and safety. For the reasons already discussed, the building code violation in this case was not found to materially affect health and safety. Therefore, R.C. 5321.04(A)(1) does not apply.

{¶ 18} Under R.C. 5321.04(A)(2), a tenant must show that a defective condition exists that renders the premises unfit or uninhabitable. "The warranty is one of habitability and is not a warrant against all discomfort and inconvenience." *Weingarden v. Eagle Ridge Condominiums,* 71 Ohio Misc.2d 7, 13, 653 N.E.2d 759 (M.C.1995). "The meaning and interpretation of the statutory phrase 'fit and habitable' will not be liberally construed to include that which does not clearly fall within the import of the statute. * * * Fitness and habitability [entail] such defects as lack of water or heat, faulty wiring or vermin infestations' and does not include such items as missing handrails." (Citations omitted.) *Gress v. Wechter,* 6th Dist. Huron No. H-12-023, 2013-Ohio-971, ¶ 20. Likewise, "[w]indow latches are not necessary for a property to be habitable." *Cipollone v. Hoffmeier,* 1st Dist. Hamilton No. C-060482, 2007-Ohio-3788, ¶ 22.

{¶ 19} We apply the same reasoning to this case. While missing or ill-functioning window handles may cause frustration or annoyance, they do not compare to those circumstances where the premises were found to be unfit and uninhabitable. *See, e.g., Stiffler v. Canterbury Runn Apts.,* 2d Dist. Montgomery No. 19308, 2002-Ohio-5382,

8.

¶ 11 (Apartment infiltrated with leaking sewage, growing mold, soaked carpets, and a sagging ceiling was uninhabitable.) In sum, we find that the six windows at issue in this case do not, as a matter of law, render appellant's premises unfit or uninhabitable. Therefore, appellee's claim may not be predicated under R.C. 5321.04(A)(2).

{¶ 20} Lastly, R.C. 5321(A)(4) mandates that a landlord maintain in good and safe working order and condition all ventilating fixtures. To the extent that the living room windows are "ventilating fixtures," we find, as a matter of law, that the evidence in the record will not support a claim under this section. Again, the housing specialist made no findings that the windows compromised safety. Likewise, the magistrate did not comment on the windows other than to note that the appellant "has refused to repair windows." The trial court found, "in this case the [appellant] refused to comply and took the position that the defect in the windows was not a safety hazard. THEREFORE, UPON REVIEW, IT IS THE FINDING OF THE COURT that the window defects are hazards and placed [appellee's] safety in jeopardy." (Emphasis in original.)

{¶ 21} First, we would not characterize appellant's timely objection and appeal as a "refusal to comply." Second, we find that the trial court's conclusory statement—that the window defects are hazards—is unreasonable. We reach this conclusion based upon the absence of any evidence in the record to even arguably suggest that the windows created a safety issue that jeopardized appellee. The trial court refers to none, and having found none ourselves, we find that appellee's claim may not be predicated on R.C. 5321.04(A)(4), as a matter of law.

9.

**{¶ 22}** For the above reasons, we find that the trial court abused its discretion in adopting that part of the magistrate's decision that found appellant liable under R.C. 5321.07(A). Appellant's first assignment of error is well-taken.

**{¶ 23}** Our finding in appellant's first assignment of error, that appellee's claim under R.C. 5321.07 fails as a matter of law, requires a reversal of the court's judgment on that issue. That reversal renders the matters raised in appellant's second, third and fourth assignments of error moot. Therefore, pursuant to App.R. 12(A)(1)(a), we decline to address them.

**{¶ 24}** Finally, in her fifth assignment of error, appellant argues that the housing court erred when it denied her motion for attorney's fees. Pursuant to R.C. 5321.09(D), if the court finds that the "tenant intentionally acted in bad faith in proceeding under section 5321.07, * * * the tenant shall be liable for damages caused to the landlord and costs, together with reasonable fees * * *." Appellant claims that appellee should be sanctioned for failing to put forth legal support for his assertion that the windows created a health and safety hazard.

**{¶ 25}** The Supreme Court of Ohio has defined "bad faith" as "'a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'" *Murray & Murray, Co., L.P.A. v. Brugger,* 6th Dist. Erie No. E-04-032, 2005-Ohio-5262, ¶ 28, quoting *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (1983). We have reviewed the record and cannot say

10.

that the trial court abused its discretion in denying appellant's motion for attorney's fees. There is simply no evidence to show that appellee acted with the requisite degree of culpability to warrant a finding of bad faith. Appellant's fifth assignment of error is not well-taken.

{¶ 26} Based on the foregoing, the judgment of the Housing Division of the Toledo Municipal Court is affirmed, in part, and reversed, in part. This matter is remanded to the trial court with the instruction that it enter judgment for appellant. The trial court's judgment is affirmed in all other respects. Appellant and appellee are ordered to equally share the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | _____ |
| --- | --- |
| | JUDGE |
| Stephen A. Yarbrough, P.J. | |
| | _____ |
| James D. Jensen, J. | JUDGE |
| CONCUR. | |
| | _____ |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.