[Cite as *Mitchell v. Conrex Property Mgt., L.L.C.*, 2026-Ohio-1794.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| CONSTANCE MITCHELL, | : | APPEAL NO. | C-250330 |
| | | TRIAL NO. | A-2301742 |
| Plaintiff-Appellant, | : | | |
| vs. | : | | |
| | | *JUDGMENT ENTRY* | |
| CONREX PROPERTY MANAGEMENT, LLC, | : | | |
| | : | | |
| Defendant-Appellee. | : | | |
| | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed 50% to appellant and 50% to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/15/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *Mitchell v. Conrex Property Mgt., L.L.C.*, 2026-Ohio-1794.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| CONSTANCE MITCHELL, | : | APPEAL NO. | C-250330 |
|  |  | TRIAL NO. | A-2301742 |
| Plaintiff-Appellant, | : |  |  |
| vs. | : |  |  |
|  |  | *O P I N I O N* |  |
| CONREX PROPERTY MANAGEMENT, LLC, | : |  |  |
|  | : |  |  |
| Defendant-Appellee. |  |  |  |
|  | : |  |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: May 15, 2026

*Donald J. Meyer, Jr., Co., LPA* and *Donald J. Meyer, Jr.,* for Plaintiff-Appellant,

*Flagel & Papakirk LLC*, *James Papakirk* and *Colleen M. Blandford*, for Defendant-Appellee.

**MOORE, Judge.**

**{¶1}** Defendant-appellee Conrex Property Management, LLC, ("Conrex") filed a complaint for eviction in the Hamilton County Municipal Court against plaintiff-appellant Constance Mitchell. In response, Mitchell filed a counterclaim alleging that Conrex had failed to maintain the premises in a fit and habitable condition. Conrex subsequently dismissed its eviction complaint against Mitchell, but Mitchell maintained her counterclaim. The parties attempted to negotiate a settlement but were unsuccessful. Mitchell then dismissed her counterclaim because she sought damages in excess of the $15,000 jurisdictional limit for civil claims in municipal court.

**{¶2}** Mitchell then filed a complaint in the Hamilton County Court of Common Pleas, alleging that Conrex's eviction action was filed in retaliation for Mitchell filing a complaint against Conrex with the City of Harrison.

**{¶3}** Conrex moved for summary judgment, arguing that the eviction action was based on Mitchell's outstanding rent debt. The trial court granted summary judgment in Conrex's favor based on Mitchell's outstanding rent. Mitchell has appealed, arguing that the trial court erred by granting summary judgment in favor of Conrex despite its violations of landlord obligations under R.C. 5321.04. For the reasons stated herein, we affirm in part and reverse in part the trial court's judgment and remand this cause for further proceedings.

## I. Factual and Procedural History

**{¶4}** On September 9, 2021, Mitchell and her former partner leased a residence managed by Conrex. Mitchell's former partner paid the rent—$1,720 per month—for three months and then moved out.

**{¶5}** On September 15, 2021, Mitchell notified Conrex of several defects

3

concerning the microwave, toilet, deck, and bathtub. Conrex's maintenance technician went to the residence to address the concerns. The technician repaired the microwave, toilet, deck, and bathtub. Although he identified ten additional issues with the residence, he determined that there were no further safety concerns with the deck.

**{¶6}** Mitchell, whose income consisted of $353 per month in child support, fell into arrears on the rent. She received $5,160 in rental assistance for January 2022 through March 2022. Mitchell also received $5,160 in rental assistance for April 2022 through June 2022.

**{¶7}** On or about June 11, 2022, Mitchell filed a complaint with the City of Harrison (the "City") regarding the condition of the deck steps. According to Mitchell, the code enforcement officer could not reach Conrex regarding the matter before issuing Conrex a citation in August 2022.

### A. Conrex Files an Eviction Action Against Mitchell

**{¶8}** On July 19, 2022, Conrex presented Mitchell with a notice to leave the premises due to past-due rent and unpaid utilities from April and May 2022.[1] Mitchell concedes that she was delinquent in April 2022 in the amount of $2,399.73 and owed $4,291.73 by May 2022.

**{¶9}** Conrex filed an eviction action against Mitchell in the Hamilton County Municipal Court on August 10, 2022. Mitchell filed an answer and counterclaim, alleging that Conrex failed to comply with its obligations to make the residence fit and habitable under R.C. 5321.04 and demanding damages and attorney's fees for those violations.

---

[1] Conrex alleged in its motion for summary judgement that, while rental assistance was applied to Mitchell's account in January 2022, Mitchell had accrued arrearages in March 2022 and June 2022.

**{¶10}** The code enforcement officer issued a citation to Conrex regarding the deck, which was deemed unsafe due to various defects. The citation was issued on August 26, 2022. Because Conrex had filed its complaint for eviction before it received the citation, it had no notice of Mitchell's complaints before instituting its eviction action against her.

### B. Conrex Dismisses Its Eviction Action While Mitchell Continues with Her Counterclaim

**{¶11}** Upon receiving notification in October 2022 that Mitchell had been approved for rental assistance for July 2022 through October 2022, Conrex dismissed its eviction action without prejudice. Mitchell proceeded with her counterclaim.

**{¶12}** In November 2022, counsel for Conrex notified counsel for Mitchell that Mitchell's October 2022 voucher would cover rent from June 2022 through December 2022 and January 2023 through May 2023. Conrex also addressed additional issues with the property identified by Mitchell. These included faulty electrical wiring at an outlet, an exposed 240-volt wire near the furnace, and a malfunctioning air conditioner. Mitchell also continued to complain about the deck. Conrex sent an electrician to address the electrical wiring and the air conditioner.

### C. Mitchell Dismisses Her Municipal Court Claim to Pursue Her Claim in Common Pleas Court

**{¶13}** Mitchell demanded more than $15,000 to settle her counterclaims and, following negotiations, the parties were unable to reach an agreement. Because her demand exceeded the jurisdictional limit of the municipal court, Mitchell dismissed her counterclaim in April 2023 and filed her claim in the Hamilton County Court of Common Pleas. Mitchell again alleged that Conrex filed its then-dismissed eviction action against her in retaliation for Mitchell's complaint to the City, and that she and her family suffered damages as a result. Mitchell alleged that Conrex failed to address

issues regarding the water heater, electrical wiring, air conditioning, and plumbing. Mitchell requested $25,000 in damages, including damages for emotional distress and attorney's fees.

**{¶14}** Conrex timely filed an answer and counterclaim, alleging that Mitchell was $3,151.35 in arrears on her rent and utility payments. Conrex requested $3,151.35 in damages, plus any amounts due for rent and utilities during the pendency of the action.

### D. Conrex Moves for Summary Judgment

**{¶15}** Conrex moved for summary judgment and alleged that Mitchell had applied for and received rental assistance, which was applied to her account in January 2022. It argued, however, that by March 2022 and again in June 2022, Mitchell had accumulated arrearages in her rent and utilities, and that as of July 25, 2022, she owed Conrex $2,915.73 in back rent and fees.

**{¶16}** Conrex further asserted that the residence could not have been unfit or uninhabitable based on (1) Mitchell's continuing to live there and (2) Mitchell's own inspector's conclusion that the house was habitable.[2] Conrex also argued that it could not have filed its eviction action in retaliation for Mitchell's complaint because the City's notice was dated after Conrex sent Mitchell a notice of eviction.

### E. The Trial Court Grants Conrex's Motion for Summary Judgment

**{¶17}** As to Mitchell's retaliation claim, the trial court distinguished the facts in the instant matter from those in *Miller v. Richie*, 45 Ohio St.3d 222 (1989), stating the defects alleged by the tenant in that case were "more severe" than those identified

---

[2] In November 2023, an independent inspector, Justin Knox, inspected the home at Mitchell's request. Although he found approximately 14 defects—including the deck—Knox testified he had no safety concerns and concluded that the home was habitable.

by Mitchell where the apartment had "faulty and dangerous electrical wiring, holes in the floor, inadequate plumbing, and no heating system." The trial court further distinguished *Miller* because that tenant was only four months behind, had voluntarily vacated the apartment, and stipulated to the amount of rent owed to the landlord. Mitchell, on the other hand, had an outstanding balance on her rent and had remained in the apartment for approximately two years after Conrex filed the eviction action.

**{¶18}**  The trial court also found that the timing of the eviction "would require a certain level of clairvoyance on Conrex's part to constitute retaliation" where the eviction action was filed on August 10, 2022, and Conrex received the City's citation on August 26, 2022—16 days after Conrex's eviction action had been filed. The court stated, "There can be no retaliation for an act that preceded the alleged basis for the event allegedly precipitating the retaliation."

**{¶19}**  The trial court noted the Ohio Supreme Court's holding that a tenant's failure to pursue the remedies available under R.C. 5321.07[3] does not waive the right to recover damages for a landlord's breach of duty. Although Mitchell's failure to pursue those remedies was not a waiver of her right to recover damages under her retaliation claim, the court concluded that Mitchell failed to show that Conrex had violated its obligations under R.C. 5321.04. In support of its finding, the trial court cited this court's holding in *Cipollone v. Hoffmeier*, 2007-Ohio-3788, ¶ 19-23 (1st Dist.) (holding that a constructive eviction has occurred where the premises were determined to be unfit and uninhabitable). The trial court also cited the fact that both Nick Schertler (a Conrex employee) and Justin Knox (Mitchell's independent

---

[3] R.C. 5321.07 provides that, when a landlord fails to fulfill its obligation under R.C. 5321.04, and a tenant is current in rent payments, the tenant may (1) place the rent in escrow, (2) "[a]apply to the court for an order directing the landlord to remedy the condition," as well as request an order for rent reduction until the landlord remedies the condition or apply the escrowed rent toward the cost of remedying the condition, or terminate the rental agreement.

inspector) testified that the residence was habitable.

{¶20} As to what the trial court couched as Mitchell's emotional-distress claim, the court distinguished the instant case from *Burcica v. Ludy*, 2024-Ohio-6038, ¶ 32 (1st Dist.). In *Burcica*, the landlord disregarded the tenant's requests for repairs and, after initiating eviction proceedings against the tenant, "began a campaign of harassment" toward the tenant by calling child-protective services and alleging that the tenant was not properly caring for her child, and attempting to have the tenant fired from her employment. *Id.* at ¶ 46-47. Based on *Burcica*, the trial court found that Mitchell had not demonstrated that Conrex's actions could support a claim for emotional distress where Mitchell's basis for such a claim stemmed solely from Conrex's eviction action, which was filed due to Mitchell's failure to pay rent and utilities.

## II. Analysis

{¶21} In her first assignment of error, Mitchell asserts that the trial court erred by granting the motion for summary judgment in favor of Conrex. Mitchell presents three issues under this assignment of error. First, Mitchell alleges that Conrex failed to comply with its obligations to Mitchell as a tenant under R.C. 5321.04(A), despite Mitchell having given Conrex notice of these violations. Mitchell asserts that, although she had not paid rent or deposited the rent amount into escrow, she did not waive her right to recover damages caused by Conrex's violations of her rights as a tenant. Next, Mitchell contends that summary judgment should not have been granted against her on her claim for retaliatory eviction because Conrex's eviction action was filed in retaliation for her complaint to the appropriate governmental agencies regarding violations under R.C. 5321.04(A). Finally, Mitchell asserts she should have prevailed on her claim for emotional-distress damages based on Conrex's violation of its

obligations under R.C. 5321.04 and its violation of R.C. 5321.02 by pursuing a retaliatory eviction against her.[4]

## A. *Although Mitchell's Statutory Claim Fails, Notice-Pleading Allows Her Common-Law Claim to Proceed*

### 1. Standard of Review

{¶22}  We review a trial court's grant of summary judgment de novo. *Guthrie v. Guthrie*, 2024-Ohio-5581, ¶ 24 (1st Dist.). Summary judgment is appropriately granted when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence in the light most favorable to the nonmoving party, it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. *Id*.; Civ.R. 56(C).

{¶23}  Pursuant to Civ.R. 56, at the summary-judgment stage, the trial court may only consider the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. *Environmental Solutions & Innovations, Inc. v. Edge Eng. & Science, LLC*, 2023-Ohio-2605, ¶ 6 (1st Dist.).

{¶24}  The moving party has the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the elements of the nonmoving party's claim or defense. *Id*. at ¶ 7. If the moving party meets this initial burden, the nonmoving party then bears the burden of setting forth "specific facts showing that there is a genuine issue for trial." *Id*.; Civ.R. 56(E). If the nonmoving party fails to do

---

[4] Counsel for Mitchell clarified during oral argument that she did not bring a separate claim for intentional or negligent infliction of emotional distress, but that emotional distress was only an element of her claim for damages.

so, then summary judgment is appropriate and must be entered against the nonmoving party. *Environmental Solutions & Innovations, Inc.* at ¶ 6.

### 2. A Violation of R.C. 5321.04 Implicates Common-Law Claims Arising from a Landlord's Breach

**{¶25}** Because Mitchell was not current on her obligation to pay rent and had not deposited her rent in escrow, she failed to satisfy the requirements for bringing a retaliation claim under R.C. 5321.02. Mitchell, however, was not limited to only the statutory claim in seeking a remedy on her claims that Conrex breached its obligations as a landlord. *See Miller v. Ritchie*, 45 Ohio St.3d 222, 224 (2000) (The Ohio Supreme Court held "a tenant who withholds but does not escrow rent does not waive the right to recover damages caused by a landlord's breach of duty.").

**{¶26}** If a statute sets forth a positive and definite standard of care (versus a general, abstract description of a duty), a violation of the statute constitutes negligence per se, and that violation conclusively proves that the defendant has violated a duty to the plaintiff. *Mounts v. Ravotti,* 2008-Ohio-5045, ¶ 30 (7th Dist.). Whether a statutory violation will support a finding of negligence per se "depends upon the degree of specificity with which the particular duty is stated in the statute." *Sikora v. Wenzel*, 88 Ohio St.3d 493, 496 (2000).

**{¶27}** Here, R.C. 5321.04(A)(4) and (6) set forth such a definite standard of care. R.C. 5321.04(A)(4) requires a landlord to "[m]aintain in good and safe working order and condition electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by the landlord." R.C. 5321.04(A)(6) provides, in part, that a landlord must "[s]upply running water, reasonable amounts of hot water, and reasonable heat at all times." Thus, both sections of the statute set forth a positive and definite standard of

10

care.

**{¶28}** Because a landlord's violation of the duties imposed by R.C. 5321.04—Ohio's Landlord-Tenant Act—constitutes negligence per se, such a violation establishes the existence of a duty and its breach. *Mann v. Northgate Investors, L.L.C.*, 2014-Ohio-455, ¶ 29. Because Ohio is a notice-pleading state, a complaint alleging a breach of duty by a landlord, which specifically states that the plaintiff was a tenant of the defendant's property, is sufficient to put the defendant on notice that the plaintiff is alleging a violation of the Landlord-Tenant Act. *See Mounts* at ¶ 26 (Where the pleading clearly asserted that the landlord had a duty to maintain the stairs, the landlord "knew or should have known about the condition of the stairs" and she failed to address it.).

**{¶29}** Although Mitchell did not specifically plead a common-law claim, her complaint was sufficient under the notice-pleading standard to allege negligence per se. Specifically, if the allegations in the complaint are true, Conrex breached its duty to maintain the premises as required by R.C. 5321.04. Mitchell's complaint was therefore sufficient to assert a claim pursuant to Civ.R. 8(A) as it was "a short and plain statement of the claim" showing that Mitchell was entitled to relief and "a demand for judgment for the relief to which" Mitchell claimed to be entitled. *See N.W. Ohio Servs. III LLC v. Thames*, 2024-Ohio-5307 ¶ 19 (6th Dist.); *Rader v. RLJ Mgt. Co.*, 2024-Ohio-391, ¶ 19 (3d Dist.). Because Mitchell's complaint was sufficient under the notice-pleading standard to present a common-law claim, we next turn to whether there existed a genuine issue of material fact as to whether Conrex violated its duties under R.C. 5321.04 and was therefore negligent.

### 3. Landlord Obligations Under R.C. 5321.04

**{¶30}** Although Conrex addressed Mitchell's initial concerns—the deck,

bathtub, toilet, and microwave—Mitchell's list of defects was not limited to those concerns. The record shows genuine issues of material fact that would preclude summary judgment on Mitchell's common-law negligence-per-se claim because, if believed, Mitchell's allegations show that Conrex violated its statutory duties as a landlord under R.C. 5321.04(A).

**{¶31}** For example, Mitchell alleges that the air-conditioning unit at the premises was not properly functioning for months. If true, this would demonstrate that the landlord failed to meet its statutory obligations and was therefore negligent. *See* R.C. 5321.04(A) (requiring a landlord to "[m]aintain in good condition and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances . . . ."). Similarly, Mitchell's November 2021 complaint to Conrex regarding issues with the water heater, if true, would also demonstrate negligence per se.

**{¶32}** Additionally, although Mitchell did not bring a separate claim for infliction of emotional distress, if the fact finder determines that Conrex breached its duty as a landlord it must also determine the extent of any damages Mitchell suffered as a result, including any damages Mitchell may have suffered as the result of the emotional distress she incurred as the result of Conrex's negligence.

### 4. The Record Does Not Support Mitchell's Retaliation Claim

**{¶33}** Mitchell asserts that Conrex's eviction action was retaliatory and in violation of R.C. 5321.02(A), which prohibits a landlord from evicting a tenant for exercising statutory rights. To prevail on a retaliation claim under R.C. 5321.02(A), "[a] tenant must, therefore, show by a preponderance of the evidence, that the relationship between the complaint and action resulted from a retaliatory motive." *Id.*; *Webb v. C & J Properties, LLC*, 2010-Ohio-3818, ¶ 17 (12th Dist.), quoting *Weishaar*

*v. Strimbu*, 76 Ohio App.3d 276, 286 (1991).

**{¶34}** Here, the eviction was filed 16 days after Conrex received the citation from the City, and there is nothing in the record to show that Conrex had notice of the citation until after it had filed the eviction action. *See Felman v. Coleman*, 1996 Ohio App. LEXIS 2405, *6-7 (2d Dist. June 14, 1996) (no material issue as to whether the appellee evicted appellant in retaliation for her reporting code violations by him to the City of Dayton because the notice to terminate the tenancy was mailed to the appellant more than ten days before the city sent its notice to appellee). Mitchell's argument, therefore, is meritless. Accordingly, the trial court did not err by granting summary judgment in favor of Conrex on Mitchell's retaliation claim.

**{¶35}** Mitchell's first assignment of error is therefore sustained in part and overruled it in part.

### B. *Motion for Leave to File an Amended Complaint*

**{¶36}** Mitchell argues in her second assignment of error that the trial court should have granted her motion to amend her complaint under Civ.R. 15(B) to allege, pursuant to R.C. 5321.02(A)(2), that Conrex filed a retaliatory-eviction action against her after she complained to Conrex in addition to her complaint to the City. She acknowledges that a trial court's failure to rule on a motion to amend is treated as a denial of the motion. *See Green v. Peters*, 2024-Ohio-6040, ¶ 13 (1st Dist.).

**{¶37}** We review the trial court's denial of Mitchell's motion for leave to amend her complaint for an abuse of discretion. *Henderson v. DeWine*, 2022-Ohio-1025, ¶ 15 (1st Dist.). An abuse of discretion is more than an error of law; the trial court's action must be unreasonable, arbitrary, or unconscionable. *See Niehaus v. Durrani*, 2023-Ohio-4818, ¶ 34 (1st Dist.).

**{¶38}** Civ.R. 15(A) expressly provides, "[l]eave of court shall be freely given

when justice so requires." The Supreme Court of Ohio has held that "[t]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay, or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984); *see Henderson* at ¶ 15 (When ruling on a motion to amend, the trial court should consider whether the movant made a prima facie showing of support for the new matters sought to be pleaded, the timeliness of the motion, and whether the proposed amendment would prejudice the opposing party.).

{¶39} Here, Mitchell filed her motion for leave to amend after the close of discovery and after motions for summary judgment had been filed. In *Leatherwood v. Medco Health Solutions of Columbus*, 2013-Ohio-4780, ¶ 12-13 (10th Dist.), the court held that there was no abuse of discretion where the plaintiff sought to amend the complaint after the defendant had filed its motion for summary judgment, nearly nine months had passed since the complaint was filed, the discovery cutoff date had passed, and the trial date was less than three months away.

{¶40} In this case, the trial court's failure to rule on a motion to amend is deemed a denial, and Mitchell's late filing would have provided a sufficient basis for the trial court to deny the motion. Accordingly, the trial court did not abuse its discretion by denying Mitchell's dilatory motion to amend her complaint. We, therefore, overrule Mitchell's second assignment of error.

### III. Conclusion

{¶41} Because Ohio is a notice-pleading state, Mitchell can still pursue a common-law claim for negligence per se despite not satisfying the prerequisites for a claim under R.C. 5321.04. And, because there are genuine issues of material fact with respect to her common-law claim, we sustain Mitchell's first assignment of error in

part and remand this cause to the trial court for further proceedings on the negligence-per-se claim. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**KINSLEY, P.J.,** and **NESTOR, J.,** concur.