[Cite as *Summers v. Lake of the Woods Apartments*, 2023-Ohio-1093.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Brooke A. Summers                                    Court of Appeals No.  L-22-1136

      Appellee                                        Trial Court No.  CRB021000005

v.

Lake of the Woods Apartments                   **DECISION AND JUDGMENT**

      Appellant                                       Decided:  March 31, 2023

* * * * *

Kyle A. Silvers, for appellee.

Jeremy W. Levy and Brianna L. Stephan, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Lake of the Woods Apartments, appeals from the May 9, 2022 judgment entered by the Sylvania Municipal Court, denying appellant's motion to dismiss a rent escrow application filed by appellee, Brooke A. Summers, and declining to order the release to appellant of all rental payment funds being held by the court.

## Statement of the Case and Relevant Facts

{¶ 2} Appellee has rented an apartment unit from appellant for many years. In a letter dated July 29, 2021, appellee provided to appellant notice of alleged defects in the property, stating in relevant part:

> I am a tenant * * * at Lake of the Woods…
>
> I reasonably believe that you have breached your obligations under the Ohio landlord tenant law/and or [sic] our rental agreement. I am asking you to correct the following conditions in my rental home…
>
> 1. Moisture everywhere including <u>behind</u> walls… lines and dark spots forming daily
>
> 2. Carpeting soaked since June 21st wet spots throughout whole apartment..your vacuuming technique is <u>NOT</u> working!
>
> 3. The smell
>
> 4. Boards needs replaced in flooring throughout apartment along with building
>
> 5. Bathroom slants along with drywall poking out
>
> 6. Every time it rains I'm being affected…lived in complex 12+ years..unacceptable…water is leaking in new spots to this day!

{¶ 3} On August 4, 2021, five days after providing this notice, appellee applied to deposit rent with the clerk in the Sylvania Municipal Court pursuant to R.C. 5321.07.

2.

According to the application, appellee claimed the property had not been "livable since June 20th 2021." The approved application contains a "Notice to Landlord or Agent," which states:

> Please be advised that the above applicant has this date deposited a rental payment with this Court under the provisions of Section 5321.07 R.C. Said deposit has been placed in the Escrow Rental Account and may be released to you upon your application and satisfaction of the provisions of Section 5321.09 R.C.

{¶ 4} On April 21, 2022, the trial court held a hearing on the matter.[1] Prior to the presentation of its case, appellant moved the trial court to dismiss appellee's rent escrow application on the grounds that appellee failed to allow appellant a "reasonable time" to remedy the complained of conditions, as is required under R.C. 5321.07(B). Appellant argued that the five days separating appellee's provision of notice to appellant and her application to escrow rent was "unreasonable and did not provide the requisite opportunity to remedy the condition required by R.C. 5321.07(A) and, as such, the escrow was improper." The trial court took the matter under advisement and proceeded to hear testimony from appellee.

---

[1] Neither party requested a transcript of the proceedings, and there is no agreed statement of facts, therefore our rendition of the facts is limited to the facts the parties do not dispute, as recounted in their briefs. *See Halloran v. Barnard,* 4th Dist. Lawrence No. 16CA9, 2017-Ohio-1069, ¶ 2, fn. 2.

3.

**{¶ 5}** Appellee testified under oath that the property was not livable since June 20, 2021. She described water "gushing" down the walls of her apartment, destroying ceilings, walls, light fixtures and furnishings, soaking carpets, and ultimately resulting in mold throughout her unit. Appellee "immediately" and "repeatedly" notified appellant, who did nothing to remedy the issue other than to suggest that appellee "place buckets around." According to appellee, she did not apply to deposit her rent into escrow until "approximately six weeks after Appellant was notified of the ongoing damage."

**{¶ 6}** In addition to appellee's repeated pleas to appellant for help, both her counsel and David Golis, PE, Lucas County Chief Building Official, sent July 27, 2022 letters to appellant regarding the damage. The letter from Golis notified appellant of its failure to maintain its building in a safe and sanitary condition and of its violation of O.B.C. 3401.2.

**{¶ 7}** Within the Sylvania Municipal Court record is a log demonstrating that appellee -- who had been current in her rental payments to appellant at the time the condition arose in her apartment -- on August 4, 2021, started depositing with the clerk all rental payments due under her rental agreement. Her timely payments to the clerk continued up until the April 21, 2022 hearing and beyond.

**{¶ 8}** On May 9, 2022, the trial court issued a judgment entry in the matter, providing as follows:

4.

This matter comes before this Court on the oral motion of Defendant Lake of the Woods Apartments to dismiss Plaintiff Brooke A. Summers' rent escrow application and order release to Defendant of all funds being held by the Court.

The case was called for hearing on April 21, 2022, the parties appeared, Plaintiff provided testimony, and the matter was taken under advisement. For the following reasons, Defendant's motion is denied.

At the April 21, 2022 hearing Defendant's counsel correctly noted that Plaintiff's notice to Defendant of claimed problems was dated July 29, 2021, and that 5 days later, on August 4, 2021, Plaintiff filed her application for rent escrow. Defendant maintains that the application should be dismissed on the basis that Plaintiff did not wait 30 days "as required by law" to file her application.

R.C. 5321.07(B) states that a person may deposit rent with the court if the landlord receives notice of the alleged breach of his/her obligations and fails to remedy the condition "within a reasonable time considering the severity of the condition and the time necessary to remedy it, or within thirty days, whichever is sooner…" Contrary to Defendant's contention, there is no requirement that Plaintiff wait 30 days to file her application. She must give "reasonable time" for the landlord to remedy the condition,

but not more than thirty days. Arguably 5 days is not sufficient time for Defendant to have remedied Plaintiff's leaky ceiling, but the rent escrow application was filed on August 4, 2021, and at the April 21, 2022, hearing there was no evidence that the Defendant had remedied the situation. The Court finds that this nearly nine-month period of time cures any defect that may have been present when Plaintiff's application to escrow rent was filed.

Accordingly, Defendant's motion to dismiss Plaintiff's rent escrow application and order release to Defendant of all escrowed funds is DENIED.

It is from this judgment that appellant now appeals.

## Assignments of Error

{¶ 9} Appellant raises the following assignments of error on appeal:

I. Statutory Requirements of Ohio Rev. Code Ann. § 5321.07 must be Satisfied Prior to Tenant's Election of Remedies under Section B.

II. Failure to make findings under Ohio Rev. Code Ann. § 5321.07 of any violation of the lease agreement, a building code that could materially affect health and safety, or Ohio Rev. Code Ann. § 5304.

6.

## Analysis

### Standard of Review

{¶ 10} The denial of a motion to dismiss is reviewed for an abuse of discretion. *Proctor v. Hackenberger,* 6th Dist. Wood No. WD-05-059, ¶ 16, citing *Tonti v. Hayes*, 6th Dist. Lucas No. L-05-1202, 2006-Ohio-2229, ¶ 20. An "abuse of discretion" requires a finding of more than an error of judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Statutory Law

{¶ 11} R.C 5321.04, which enumerates the obligations of a landlord, requires, inter alia, that a landlord:

> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition[.]

*Id.*

{¶ 12} When a landlord fails to maintain rental property in accordance with these statutory conditions, R.C. 5321.07 provides tenants "with leverage to redress breaches of those duties." *Miller v. Ritchie*, 45 Ohio St.3d 222, 224, 543 N.E.2d 1265 (1989). Specifically, R.C. 5321.07 provides:

7.

(A) If a landlord fails to fulfill any obligation imposed upon him by section 5321.04 of the Revised Code * * * [or] if the conditions of the residential premises are such that the tenant reasonably believes that a landlord has failed to fulfill any such obligations, * * * the tenant may give notice in writing to the landlord, specifying the acts, omissions, or code violations that constitute noncompliance. The notice shall be sent to the person or place where rent is normally paid.

(B) If a landlord receives the notice described in division (A) of this section and after receipt of the notice fails to remedy the condition within a reasonable time considering the severity of the condition and the time necessary to remedy it, or within thirty days, whichever is sooner, and if the tenant is current in rent payments due under the rental agreement, the tenant may do one of the following:

(1) Deposit all rent that is due and thereafter becomes due the landlord with the clerk of the municipal or county court having jurisdiction in the territory in which the residential premises are located.

* * *

{¶ 13} R.C. 5321.09 sets forth the "defensive actions" that are available to a landlord whose rent has been deposited with the clerk, and provides, in relevant part, as follows:

8.

(A) A landlord who receives notice that rent due him has been deposited with a clerk of a municipal or county court pursuant to section 5321.07 of the Revised Code, may do any of the following:

(1) Apply to the clerk of the court for release of the rent on the ground that the condition contained in the notice given pursuant to division (A) of section 5321.07 of the Revised Code has been remedied. The clerk shall forthwith release the rent, less costs, to the landlord if the tenant gives written notice to the clerk that the condition has been remedied.

(2) Apply to the court for release of the rent on the ground that the tenant did not comply with the notice requirement of division (A) of section 5321.07 of the Revised Code, or that the tenant was not current in the rent payments due under the rental agreement at the time the tenant initiated rent deposits with the clerk of the court under division (B)(1) of section 5321.07 of the Revised Code.

(3) Apply to the court for release of the rent on the ground that there was no violation of any obligation imposed upon the landlord by section 5321.04 of the Revised Code * * *, or that the condition contained in the notice given pursuant to division (A) of section 5321.07 of the Revised Code has been remedied.

* * *

9.

(C) If the court finds that there was no violation of any obligation imposed upon the landlord by section 5321.04 of the Revised Code * * *, that the condition contained in the notice given pursuant to division (A) of section 5321.07 of the Revised Code has been remedied, that the tenant did not comply with the notice requirement of division (A) of section 5321 of the Revised Code, or that the tenant was not current in rent payments at the time the tenant initiated rent deposits with the clerk of court under division (B)(1) of section 5321.07 of the Revised Code, the court shall order the release to the landlord of rent on deposit with the clerk, less costs.

### First Assignment of Error

{¶ 14} Appellant argues in its first assignment of error -- as it argued before the trial court -- that appellee did not comply with R.C. 5321.07, because the five days between appellee's provision of notice to appellant and her application to escrow rent was "unreasonable" and did not afford appellant the statutorily-required opportunity to remedy the defective condition in the apartment.

{¶ 15} Appellant further argues that the trial court abused its discretion when it determined that appellant's failure to remedy appellee's leaky ceiling by the April 21, 2022 hearing date "cure[d] any defect" that may have resulted when appellee filed her rent escrow application just five days after providing notice of the condition to appellant.

{¶ 16} As indicated above, R.C. 5321.07(B) allows a landlord "reasonable time" to remedy a condition after receiving notification of its existence, "or within thirty days, whichever is sooner," before a tenant may file an application for rent escrow with the clerk. According to appellant, the trial court "never should have considered circumstances following the initiation of escrow in determining whether the application for rent escrow was properly before the court."

{¶ 17} In response to this argument, appellee, relying on *Ligget v. Whitaker Properties*, 2d Dist. Montgomery No. 23425, 2010-Ohio-1610, asserts that "[p]recisely meeting the statutory requirements is not mandated." In *Liggett*, the appellate court found that the tenant was entitled to return of rent money placed in escrow due to the landlord's failure to remove a pest infestation, notwithstanding the fact that the tenant had failed to give written notice of the infestation to the landlord. The appellate court found that the landlord was put on notice of the infestation sufficient to satisfy the notice requirement set forth at R.C. 5321.07 when he became manager of the property and received a citation from a city inspector. *Id.* at 45.

{¶ 18} Similarly, in *Arnold v. Urban Rental Corp.*, 9th Dist. Summit No. 21638, 2004-Ohio-954, the appellate court concluded that the landlord had received adequate notice under R.C. 5321.07 even though the tenant's written notification, sent by certified mail, was never claimed, where the evidence established that the tenant drove to the landlord's place of business and no one would answer the door, and where the tenant

11.

made numerous phone calls and left messages on the landlord's answering machine but the calls were never returned.

{¶ 19} In the instant case, the undisputed evidence reveals that appellee verbally notified appellant of the deficient condition in her apartment "immediately" after it became not livable on June 20, 2021, and "repeatedly" thereafter. Appellant was clearly on notice of the continuing problem in August and in all of the months that followed, up until the hearing date more than eight months later. In response to appellee's immediate and repeated notice, appellant, rather than remedying the condition, merely suggested to appellee that she "place buckets around" and, further, offered some sort of "vacuuming technique" that reportedly was "not working."

{¶ 20} Under the circumstances of this case, we conclude that the trial court did not abuse its discretion in rejecting appellant's claim that appellee, in filing her rent escrow application on August 4, 2021-- just five days after she provided written notice to appellant of the claimed problems, but approximately six weeks after verbally notifying appellant of the ongoing damage -- failed to allow appellant "reasonable time" to remedy the condition of her apartment.

{¶ 21} Even assuming, arguendo, that a landlord's later conduct in failing to remedy a condition does not, in fact, "cure" a tenant's failure to provide adequate notice in the first place, we must nevertheless affirm the trial court's judgment, because, as discussed above, it is legally correct and, thus, does not constitute an abuse of discretion.

12.

*See Toledo v. Schmiedebusch*, 192 Ohio App. 3d 402, 2011-Ohio-284, 949 N.E.2d 504, ¶ 37(6th Dist.) ("'[W]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.'"), citing *Reynolds v. Budzik*, 134 Ohio App. 3d 844, 846, 932 N.E.2d 485 (6th Dist. 1999), fn. 3.

{¶ 22} For all of the foregoing reasons, appellant's first assignment of error is found not well-taken.

## Second Assignment of Error

{¶ 23} Appellant argues in its second assignment of error that the trial court erred to appellant's prejudice when it denied appellant's motion to dismiss and request for release of escrowed funds without "ma[king] "a finding relative to any noncompliance materially affecting Appellee's health and safety living on the property."

{¶ 24} In putting forth this assertion, appellant relies on *Wenzke v. Baird,* 6th Dist. Lucas No. L-13-1244, 2014-Ohio-3069, wherein this court stated that "the remedies available under R.C. 5321.07(B) require a tenant to show that the landlord violated (1) the lease agreement, (2) a building code that could materially affect health and safety, or (3) R.C. 5321.04. In addition, appellant cites R.C. 5321.09(C) for the proposition that if a court finds that there was no violation of any obligation imposed upon the landlord by

13.

R.C. 5321.04, the court shall order the release to the landlord of rent on deposit with the clerk, less costs.

{¶ 25} We note at the outset of this analysis that "an appellate court limits its review to issues actually decided by the trial court in its judgment." *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 21. In the instant case, appellant appears to have raised, and the trial court appears to have addressed, only the question of whether appellee's rent escrow application should be dismissed, and only on the grounds that appellee did not wait for a "reasonable" period of time before filing. And this is exactly the question we discuss above, in connection with appellant's first assignment of error. Nothing in the record suggests that appellant ever applied to the court for release of the rent on the ground that there was no violation of any obligation imposed upon appellant by section 5321.04 of the Revised Code.

{¶ 26} To the extent that a ruling against appellant does require a finding under R.C. 5321.09(C) that appellant was not in compliance with the obligations imposed by R.C. 5321.04, we find that the trial court's judgment against appellant can be construed as a ruling to that effect. "In the absence of findings of fact and conclusions of law, an appellate court will presume that the trial court applied the law correctly and will affirm its judgment if evidence in the record supports the judgment." *Cline v. Rogers Farm Enterprises, LLC*, 2017-Ohio-1379, 87 N.E.3d 637, ¶ 26 (4th Dist.).

14.

**{¶ 27}** Here, the trial court's judgment acknowledged appellee's testimony, wherein she described water "gushing" down the walls of her apartment, which destroyed ceilings, walls, light fixtures and furnishings, soaked carpets, and ultimately resulted in mold throughout her unit. In her July 27, 2021 letter to appellant, appellee described that the problem had started in June and was continuing, affecting her every time it rained. The record also contains appellee's rent escrow application, in which she states that her apartment has not been livable since June 20, 2021.

**{¶ 28}** As the record amply supports a finding under R.C. 5321.09(C) that appellant was not in compliance with the obligations imposed by R.C. 5321.04, and that such noncompliance materially affected appellee's health and safety living on the property, the judgment of the trial court is properly affirmed. Accordingly, appellant's second assignment of error is found not well-taken.

**{¶ 29}** The judgment of the Sylvania Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.